# In the United States Court of Federal Claims

No. 19-625C
(Filed:  August 28, 2019)

```
*************************************
INDUSTRIAL SUPPLIES, LLC,          *
                                   *
                Plaintiff,         *
                                   *      Pro Se Plaintiff; Motion to Dismiss; RCFC
        v.                         *      41(b); RCFC 83.1; Standing; Limited
                                   *      Liability Company; Tax Election
THE UNITED STATES,                 *
                                   *
                Defendant.         *
*************************************
```

Shirley Brewer, Osterville, MA, pro se.

Margaret E. Sheer, United States Department of Justice, Washington, DC, for defendant.

## OPINION AND ORDER

**SWEENEY**, Chief Judge

This case arises out of pro se plaintiff Industrial Supplies, LLC's ("Industrial") complaint concerning a government grant.  Represented by its managing member, Shirley Brewer, Industrial alleges that the government improperly failed to award the company a grant under section 1603 of the American Recovery and Reinvestment Act ("ARRA"), Pub. L. No. 111-5, div. B., 123 Stat. 115, 364 (2009) ("Section 1603").  Defendant moves to dismiss the complaint with prejudice because Industrial lacks standing, does not state a claim on which relief may be granted, and fails to comply with the Rules of the United States Court of Federal Claims ("RCFC").  As explained below, the court grants in part and denies in part defendant's motion. Specifically, the court dismisses the complaint without prejudice because Industrial has not complied with the court rule that a limited liability company ("LLC") must be represented by an attorney for proceedings in this court.

## I. BACKGROUND

Industrial was a Delaware LLC and was also registered as a foreign LLC in Massachusetts.[1]  The company had one member, Ms. Brewer.  Industrial ceased operations in

---

[1]  The court derives the facts in this section from the complaint, the parties' submissions (including attached exhibits), and applicable statutes and regulations.  See Rocky Mountain Helium, LLC v. United States, 841 F.3d 1320, 1325-26 (Fed. Cir. 2016).

2018.  On April 19, 2019, after the company allegedly ceased to exist, Industrial filed its complaint in this court.  In that complaint, Industrial is identified in the caption and cover sheet as the plaintiff.  Ms. Brewer, however, signed the complaint and represented that she was proceeding pro se on behalf of the company.  The gravamen of the complaint is that Industrial did not receive a Section 1603 grant to which it was entitled after submitting an application to the Secretary of the Treasury.[2]  Specifically, Industrial (1) alleges that it was a vendor to Ocean Wave Energy ("OWE") for the Barge Windspire Project and (2) suggests that it submitted a Section 1603 application for that project.[3]  The government never awarded Industrial a grant, and Industrial asserts the government's failure to do so constitutes a breach of contract and a violation of the Fifth Amendment to the United States Constitution.

On July 12, 2019, defendant moved to dismiss Industrial's complaint pursuant to RCFC 12(b)(1), RCFC 12(b)(6), and RCFC 41(b).  The motion is now fully briefed, and the court deems oral argument unnecessary.  Thus, defendant's motion is ripe for adjudication.

## II.  STANDARD OF REVIEW

In ruling on a motion to dismiss, the court "generally must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff."  Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011).  A pro se plaintiff's complaint, "'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers' . . . ."  Hughes v. Rowe, 449 U.S. 5, 10 n.7 (1980) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).  However, "[t]he fact that [a plaintiff] acted pro se in the drafting of his complaint may explain its ambiguities, but it does not excuse its failures, if such there be.  Henke v. United States, 60 F.3d 795, 797 (Fed. Cir. 1995).

## III.  ANALYSIS

The threshold issue is the parties' dispute over Industrial's compliance with the court's rules.  Defendant argues that Industrial is violating RCFC 83.1(a)(3) because artificial entities cannot maintain lawsuits in this court unless represented by an attorney, and Ms. Brewer—who is representing Industrial—is not an attorney.  Industrial counters that Ms. Brewer can represent Industrial because the company is a sole proprietorship, which can proceed in this court without an attorney.  Relying on Treasury Regulation § 301.7701-3, Industrial also contends that it is not

---

[2]  The ARRA requires the Secretary of the Treasury to award a grant (i.e., cash payment) in lieu of tax credits to clean-energy investors who satisfy certain conditions.  See 123 Stat. at 364.  Specifically, investors receive a grant after submitting to the Secretary of the Treasury an application reflecting an investment in a qualifying energy property.  Id.

[3]  Industrial alleges that it "submitted applications to Treasury" and "was entitled to receive a grant in the amount of thirty percent of its basis in the Barge Windspire Project."  Compl. ¶¶ 36-37.  But Industrial otherwise focuses on OWE's application.  E.g., id. ¶ 5 (noting that it attached OWE's application as an exhibit).

a separate entity from Ms. Brewer because she is the sole owner of the company.  Additionally, Industrial asserts that Ms. Brewer is a plaintiff in this case.[4]

The court may, pursuant to RCFC 41(b), dismiss a complaint if the plaintiff fails to comply with the applicable court rules.  Of particular import in this case is RCFC 83.1, which includes limitations on the practice of pro se litigants:  "An individual who is not an attorney . . . may not represent a corporation, entity, or any other person in proceedings before this court." RCFC 83.1(a)(3); accord Talasila, Inc. v. United States, 240 F.3d 1064, 1066 (Fed. Cir. 2001) ("[A corporation] must be represented by counsel in order to pursue its claims against the United States in the [United States] Court of Federal Claims.").  Industrial runs afoul of that rule because it is an entity (specifically, an LLC) that is represented in this matter by Ms. Brewer, who is not an attorney.  Industrial's protestations that the representation passes muster under RCFC 83.1(a)(3) are not persuasive.  First, Industrial is not a sole proprietorship because, as noted in the complaint, it is registered as a Delaware LLC.  See Harner v. Westfield Ins. Co., No. CV N18C-05-015 JRJ, 2018 WL 6721765, at *3 (Del. Super. Ct. Dec. 12, 2018) ("[U]nder Delaware law, an LLC is not a sole proprietorship."); see also Lattanzio v. COMTA, 481 F.3d 137, 140 (2d Cir. 2007) ("Unlike a sole proprietorship, a sole member limited liability company is a distinct legal entity that is separate from its owner.").  Second, Industrial's reliance on Treasury Regulation § 301.7701-3 is misplaced because it only concerns how single-member LLCs may be taxed, which has no bearing on the limitations set forth in RCFC 83.1(a)(3).  See Balbach v. United States, 119 Fed. Cl. 681, 682-83 (2015) (prohibiting the owner of an LLC from representing the company); see also Lattanzio, 481 F.3d at 140 (explaining that a LLC with one member "may appear in federal court only through a licensed attorney").  In short, Industrial has not complied with RCFC 83.1(a)(3) because it is not represented by an attorney.

Even if Industrial was in compliance with RCFC 83.1(a)(3), there is the issue of whether Industrial and Ms. Brewer (assuming, without deciding, that she is a plaintiff) have standing to pursue their claims.  A plaintiff has standing if it demonstrates that it "has personally suffered some actual or threatened injury as a result of the putative illegal conduct of the defendant." Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, 454 U.S. 464, 475-76 (1982); see also Lujan v. Defs. of Wildlife, 504 U.S. 555, 561 (1992) (explaining that "the plaintiff bears the burden" of establishing standing).  For a claim based on the nonpayment of a Section 1603 grant, a plaintiff must (at the very least) establish that it submitted an application for the grant.  Vaeth v. United States, 110 Fed. Cl. 425, 431 (2013).  Here, defendant argues that Industrial and Ms. Brewer never submitted a Section 1603 application, and that contention is not challenged in Industrial's response brief nor contradicted by any record evidence.[5]  Simply stated, Industrial and Ms. Brewer fail to establish that they have standing

---

[4] "Shirley Brewer, Industrial Supplies LLC" is listed as the plaintiff in the caption of Industrial's response brief, while the complaint caption only identifies "Industrial Supplies, LLC" as the plaintiff.

[5] Indeed, Ms. Brewer submitted an exhibit that suggests that she is not an applicant.  See Pl.'s Resp. Ex. I ("Ms. Brewer has refused to provide detailed invoices to support the claimed cost basis according to the applicant.").

because they have not offered argument or evidence reflecting that they submitted the Section 1603 application that underlies their claims.[6]

In sum, Industrial has not complied with the court's rule regarding attorney representation, and the company and Ms. Brewer have not established that they have standing to pursue their claims.

## IV.  CONCLUSION

For the reasons stated above, the court **GRANTS IN PART** and **DENIES IN PART** defendant's motion to dismiss.  Defendant requests that the court dismiss the complaint with prejudice, but the court finds such drastic action is premature.  Instead, the court **DISMISSES** Industrial's complaint without prejudice pursuant to RCFC 41(b).  No costs.  The clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

MARGARET M. SWEENEY
Chief Judge

---

[6] Contrary to Industrial's contention, the third-party-beneficiary principle is not applicable in the context of a claim based on a Section 1603 grant.  A plaintiff has standing to litigate a claim as a third-party beneficiary to a contract when there is a contract that reflects the contracting parties' intention to directly benefit the plaintiff.  Glass v. United States, 258 F.3d 1349, 1354 (Fed. Cir. 2001).  Industrial, however, has failed to allege the existence of a contract.  Section 1603 applications, which are the only purported contracts Industrial references, are neither express nor implied contracts because the text and legislative history of Section 1603 do not reflect that "that the government intended to enter into contracts with all persons and entities that filed applications for reimbursement grants."  ARRA Energy Co. I v. United States, 97 Fed. Cl. 12, 28 (2011); see also Nat'l R.R. Passenger Corp. v. Atchison Topeka & Santa Fe Ry. Co., 470 U.S. 451, 465-66 (1985) (noting that statutes do not create contractual rights absent a clear indication of intent).  Even if there was such a contract, Industrial fails to explain why it or Ms. Brewer are intended beneficiaries.